# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-369V
### (Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                    *        Special Master Corcoran
CARMEN MORENO LOZANO,               *
                                    *
            Petitioner,             *        Filed: November 28, 2018
                                    *
       v.                           *
                                    *        Decision by Proffer; Damages;
SECRETARY OF HEALTH                 *        Acute Disseminated Encephalomyelitis
AND HUMAN SERVICES,                 *        ("ADEM"); Diptheria-Tetanus-Acelluar
                                    *         Pertussis ("Tdap") Vaccine; Life Care Plan.
            Respondent.             *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Robert P. Coleman, III*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On April 13, 2015, Carmen Moreno Lozano filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] ECF No. 1. Petitioner alleged that she developed acute disseminated encephalomyelitis ("ADEM") as a result of the diptheria-tetanus-acellular pertussis ("Tdap") vaccine she received on July 15, 2012. *Id.* at 1.

On July 21, 2015, Respondent filed his Rule 4(c) Report, in which he indicated that he did not find this case to be appropriate for compensation. The parties briefly attempted to engage in

---

[1] This Decision will be posted on the United States Court of Federal Claims website, and in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

settlement negotiations but were unable to reach an agreement. Both parties filed expert reports, medical literature, and prehearing briefs over the coming months, and an entitlement hearing was held on June 14, 2017.

On August 4, 2017, I issued a ruling finding that Mrs. Lozano had successfully demonstrated entitlement to compensation under the Vaccine Act. ECF No. 43. In an order filed that same day, I directed the parties to resolve the question of what damages Ms. Lozano should receive. Damages Order, ECF No. 44.

After almost sixteen months of damages negotiations, Respondent filed a proffer proposing an award of compensation. ECF No. 71. I have reviewed the file, and based upon that review, I conclude that Respondent's Proffer (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The Proffer proposes:

- A lump sum payment of $1,199,216.86, representing compensation for life care expenses expected to be incurred during the first year after judgment ($17,131.66), lost earnings ($922,617.19), pain and suffering ($200,000.00), and past unreimburseable expenses ($59,468.01), in the form of a check payable to Petitioner; and

- An amount sufficient to purchase an annuity contract, subject to the conditions described in the attached Proffer (*see* Proffer at 3; Proffer App'x A at 1–4), that will provide periodic payments to Ms. Lozano for the items contained in the life care plan.

Proffer at 3. These amounts represent compensation for all elements of compensation under Vaccine Act Section 15(a) to which Petitioner is entitled.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

CARMEN MORENO LOZANO,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 15-369V  ECF
Special Master Corcoran

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.**      **Items of Compensation**

      A.     <u>Life Care Items</u>

Respondent engaged life care planner Linda Curtis, RN, MS, CCM, CNLCP, and

petitioner engaged Maureen Clancy, RN, BSN, CLCP, to provide an estimation of Carmen

Moreno Lozano's future vaccine-injury related needs.  For the purposes of this proffer, the term

"vaccine related" is as described in the Special Master's Ruling on Entitlement, filed August 4,

2017.  All items of compensation identified in the life care plan are supported by the evidence,

and are illustrated by the chart entitled Appendix A: Items of Compensation for Carmen Moreno

Lozano, attached hereto as Tab A.[1]  Respondent proffers that Carmen Moreno Lozano should be

awarded all items of compensation set forth in the life care plan and illustrated by the chart

attached at Tab A.[2]  Petitioner agrees.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan.  The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

[2] The parties have no objection to the proffered award of damages.  Assuming the Special Master issues a damages decision in conformity with this proffer, the parties intend to waive their right to seek review of such damages decision, recognizing that respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(f), to seek

B.     Lost Earnings

The parties agree that based upon the evidence of record, Carmen Moreno Lozano has

suffered past loss of earnings and will suffer a loss of earnings in the future.  Therefore,

respondent proffers that Carmen Moreno Lozano should be awarded lost earnings as provided

under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Respondent proffers that the appropriate

award for Carmen Moreno Lozano's lost earnings is $922,617.19.  Petitioner agrees.

C.     Pain and Suffering

Respondent proffers that Carmen Moreno Lozano should be awarded $200,000.00 in

actual and projected pain and suffering.  This amount reflects that any award for projected pain

and suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner

agrees.

D.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents Carmen Moreno Lozano's expenditure of past

unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that

petitioner should be awarded past unreimbursable expenses in the amount of $59,468.01.

## II.    Form of the Award

The parties recommend that the compensation provided to Carmen Moreno Lozano

should be made through a combination of lump sum payments and future annuity payments as

described below, and request that the Special Master's decision and the Court's judgment award

the following:[3]

---

review of the Special Master's August 4, 2017 decision finding petitioner entitled to an award under the Vaccine
Act. This right accrues following entry of judgment.

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for
appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost
earnings, and future pain and suffering.

A.  A lump sum payment of $1,199,216.86, representing compensation for life care

expenses expected to be incurred during the first year after judgment ($17,131.66), lost earnings

($922,617.19), pain and suffering ($200,000.00), and past unreimbursable expenses

($59,468.01), in the form of a check payable to petitioner, Carmen Moreno Lozano.

B.  An amount sufficient to purchase an annuity contract,[4] subject to the conditions

described below, that will provide payments for the life care items contained in the life care plan,

as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[5] from

which the annuity will be purchased.[6]  Compensation for Year Two (beginning on the first

anniversary of the date of judgment) and all subsequent years shall be provided through

respondent's purchase of an annuity, which annuity shall make payments directly to petitioner,

Carmen Moreno Lozano, only so long as Carmen Moreno Lozano is alive at the time a particular

payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to

petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in

the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require

that the payment be made in one annual installment.

---

[4] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[5] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

        a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

        b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

        c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

        d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

-3-

1.   Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

2.   Life-contingent annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Carmen Moreno Lozano, is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Carmen Moreno Lozano's death.

3.   Guardianship

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.   Summary of Recommended Payments Following Judgment**

A.   Lump Sum paid to petitioner, Carmen Moreno Lozano:          **$1,199,216.86**

B.   An amount sufficient to purchase the annuity contract described
above in section II.B.

---

⁶ Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

/s/Robert P. Coleman III
ROBERT P. COLEMAN III
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 305-0274

Dated: November 28, 2018

**Appendix A:  Items of Compensation for Carmen Moreno Lozano**

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Years 3-5 | Compensation Year 6 | Compensation Year 7 | Compensation Years 8-10 | Compensation Year 11 | Compensation Years 12-21 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2018 | 2019 | 2020-2022 | 2023 | 2024 | 2025-2027 | 2028 | 2029-2038 |
| BCBS Premium | 5% | | M | 6,713.04 | 6,713.04 | 6,713.04 | 6,713.04 | 6,713.04 | 6,713.04 | 6,713.04 | 6,713.04 |
| Medicare Part B Deductible | 5% | | | | | | | | | | |
| Medigap | 5% | | M | | | | | | | | |
| Medicare Part D | 5% | | M | | | | | | | | |
| Primary Care | 5% | * | | 15.00 | 15.00 | 15.00 | 15.00 | 15.00 | 15.00 | 15.00 | 15.00 |
| Neurologist | 5% | * | | 120.00 | 120.00 | 90.00 | 60.00 | 60.00 | 60.00 | 30.00 | 30.00 |
| Urologist | 5% | * | | 90.00 | 60.00 | 30.00 | 30.00 | 30.00 | 30.00 | 30.00 | 30.00 |
| Opthal-mologist | 5% | * | | 30.00 | 30.00 | 30.00 | 30.00 | 30.00 | 30.00 | 30.00 | 30.00 |
| Future Specialists | 5% | * | | 30.00 | 6.00 | 6.00 | 6.00 | 6.00 | 6.00 | 6.00 | 6.00 |
| Labs | 5% | * | | 15.00 | 15.00 | 15.00 | 15.00 | 15.00 | 15.00 | 15.00 | 15.00 |
| MRI | 5% | * | | 150.00 | | | | | | | |
| Bladder Ultrasound | 5% | * | | 75.00 | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 |
| Gabapentin | 5% | * | | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 |
| Folate | 5% | * | | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 |
| Myrbetriq | 5% | * | | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 |
| Senna | 4% | | | 17.62 | 17.62 | 17.62 | 17.62 | 17.62 | 17.62 | 17.62 | 17.62 |
| Advil | 4% | | | 42.07 | 42.07 | 42.07 | 42.07 | 42.07 | 42.07 | 42.07 | 42.07 |
| PT | 4% | * | | 45.00 | 22.50 | 22.50 | 22.50 | 22.50 | 22.50 | 22.50 | 22.50 |
| ST | 4% | * | | 45.00 | 15.00 | 15.00 | 15.00 | 15.00 | 15.00 | 15.00 | 15.00 |
| Acupuncture | 4% | * | | 210.00 | 210.00 | | | | | | |
| Massage Therapy | 4% | | | 840.00 | 840.00 | 420.00 | 420.00 | 420.00 | 420.00 | | |
| Counselor | 4% | * | | 180.00 | 180.00 | 36.00 | 36.00 | 36.00 | 36.00 | 36.00 | 36.00 |
| Bilateral Hand Splints | 4% | | | 45.98 | 45.98 | 45.98 | 45.98 | 45.98 | 45.98 | 45.98 | 45.98 |
| Cane | 4% | * | | | | | | 3.00 | 0.60 | 0.60 | 0.60 |
| Walker | 4% | * | | | | | | | | | |
| Scooter | 4% | * | | 169.90 | 33.98 | 33.98 | 33.98 | 33.98 | 33.98 | 33.98 | 33.98 |
| Scooter Batteries | 4% | * | | | 23.00 | 23.00 | 23.00 | 23.00 | 23.00 | 23.00 | 23.00 |
| Scooter Maint | 4% | * | | | 15.00 | 15.00 | 15.00 | 15.00 | 15.00 | 15.00 | 15.00 |
| Manual WC | 4% | * | | 15.90 | 3.18 | 3.18 | 3.18 | 3.18 | 3.18 | 3.18 | 3.18 |
| Shower Chair | 4% | | | 100.38 | 20.08 | 20.08 | 20.08 | 20.08 | 20.08 | 20.08 | 20.08 |
| Hand Held Shower | 4% | | | 34.15 | 6.83 | 6.83 | 6.83 | 6.83 | 6.83 | 6.83 | 6.83 |
| Over the Toilet Commode | 4% | | | 48.21 | 9.64 | 9.64 | 9.64 | 9.64 | 9.64 | 9.64 | 9.64 |

**Appendix A: Items of Compensation for Carmen Moreno Lozano**                                              Page 2 of 4

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Years 3-5 | Compensation Year 6 | Compensation Year 7 | Compensation Years 8-10 | Compensation Year 11 | Compensation Years 12-21 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2018 | 2019 | 2020-2022 | 2023 | 2024 | 2025-2027 | 2028 | 2029-2038 |
| Portable Grab Bars | 4% | | | 209.85 | 13.99 | 13.99 | 13.99 | 13.99 | 13.99 | 13.99 | 13.99 |
| Bed Rail | 4% | | | 89.00 | 17.80 | 17.80 | 17.80 | 17.80 | 17.80 | 17.80 | 17.80 |
| Kitchen & Writing Aids | 4% | | | 147.22 | 29.44 | 29.44 | 29.44 | 29.44 | 29.44 | 29.44 | 29.44 |
| Grooming Items | 4% | | | 146.73 | 29.35 | 29.35 | 29.35 | 29.35 | 29.35 | 29.35 | 29.35 |
| Kotex Pads | 4% | | M | 227.82 | 227.82 | 227.82 | 227.82 | 227.82 | 227.82 | 227.82 | 227.82 |
| YMCA | 4% | | M | 564.00 | 564.00 | 564.00 | 564.00 | 564.00 | 564.00 | 564.00 | 564.00 |
| Home Health Aide | 4% | | M | 5,408.00 | 5,408.00 | 5,408.00 | 5,408.00 | 5,408.00 | 5,408.00 | 5,408.00 | 10,816.00 |
| Mileage: PCP | 4% | | | 4.82 | 4.82 | 4.82 | 4.82 | 4.82 | 4.82 | 4.82 | 4.82 |
| Mileage: Neurologist | 4% | | | 19.87 | 19.87 | 14.90 | 9.94 | 9.94 | 9.94 | 4.97 | 4.97 |
| Mileage: Urologist | 4% | | | 12.64 | 8.42 | 4.21 | 4.21 | 4.21 | 4.21 | 4.21 | 4.21 |
| Mileage: Opthalmologist | 4% | | | 4.39 | 4.39 | 4.39 | 4.39 | 4.39 | 4.39 | 4.39 | 4.39 |
| Mileage: Future Specialist | 4% | | | 4.97 | 0.99 | 0.99 | 0.99 | 0.99 | 0.99 | 0.99 | 0.99 |
| Mileage: PT | 4% | | | 13.82 | 6.91 | 6.91 | 6.91 | 6.91 | 6.91 | 6.91 | 6.91 |
| Mileage: ST | 4% | | | 9.22 | 3.07 | 3.07 | 3.07 | 3.07 | 3.07 | 3.07 | 3.07 |
| Mileage: Acupuncture | 4% | | | 27.86 | 27.86 | | | | | | |
| Mileage: Massage | 4% | | | 69.55 | 69.55 | 34.78 | | | | | |
| Mileage: YMCA | 4% | | | 459.65 | 459.65 | 459.65 | 459.65 | 459.65 | 459.65 | 459.65 | 459.65 |
| Driver's Eval | 4% | | | 500.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Lost Earnings | | | | 922,617.19 | | | | | | | |
| Pain and Suffering | | | | 200,000.00 | | | | | | | |
| Past Unreimbursable Expenses | | | | 59,468.01 | | | | | | | |
| Annual Totals | | | | 1,199,216.86 | 15,644.85 | 14,739.04 | 14,669.30 | 14,672.30 | 14,669.90 | 14,214.93 | 19,622.93 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.

Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.

As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($17,131.66), lost earnings ($922,617.19), pain and suffering ($200,000.00), and past unreimbursable expenses ($59,468.01): $1,199,216.86.

Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.

Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.

Items denoted with an asterisk (*) covered by health insurance and/or Medicare.

Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.

**Appendix A: Items of Compensation for Carmen Moreno Lozano**

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 22 | Compensation Years 23-27 | Compensation Years 28-31 | Compensation Year 32 | Compensation Years 33-36 | Compensation Years 37-Life |
|---|---|---|---|---|---|---|---|---|---|
| | | | | 2039 | 2040-2044 | 2045-2048 | 2049 | 2050-2053 | 2054-Life |
| BCBS Premium | 5% | | M | 6,713.04 | 6,713.04 | 6,713.04 | | | |
| Medicare Part B Deductible | 5% | | | | | | 183.00 | 183.00 | 183.00 |
| Medigap | 5% | | M | | | | 1,980.00 | 1,980.00 | 1,980.00 |
| Medicare Part D | 5% | | M | | | | 2,006.52 | 2,006.52 | 2,006.52 |
| Primary Care | 5% | * | | 15.00 | 15.00 | 15.00 | | | |
| Neurologist | 5% | * | | 30.00 | 30.00 | 30.00 | | | |
| Urologist | 5% | * | | 30.00 | 30.00 | 30.00 | | | |
| Opthal-mologist | 5% | * | | 30.00 | 30.00 | 30.00 | | | |
| Future Specialists | 5% | * | | 6.00 | 6.00 | 6.00 | | | |
| Labs | 5% | * | | 15.00 | 15.00 | 15.00 | | | |
| MRI | 5% | * | | | | | | | |
| Bladder Ultrasound | 5% | * | | 25.00 | 25.00 | 25.00 | | | |
| Gabapentin | 5% | * | | 60.00 | 60.00 | 60.00 | | | |
| Folate | 5% | * | | 60.00 | 60.00 | 60.00 | | | |
| Myrbetriq | 5% | * | | 60.00 | 60.00 | 60.00 | | | |
| Senna | 4% | | | 17.62 | 17.62 | 17.62 | 17.62 | 17.62 | 17.62 |
| Advil | 4% | | | 42.07 | 42.07 | 42.07 | 42.07 | 42.07 | 42.07 |
| PT | 4% | * | | 22.50 | 22.50 | 22.50 | 150.00 | 150.00 | 150.00 |
| ST | 4% | * | | 15.00 | 15.00 | 15.00 | 150.00 | 75.00 | 75.00 |
| Acupuncture | 4% | * | | | | | | | |
| Massage Therapy | 4% | | | | | | | | |
| Counselor | 4% | * | | 36.00 | 36.00 | | | | |
| Bilateral Hand Splints | 4% | | | 45.98 | 45.98 | 45.98 | 45.98 | 45.98 | 45.98 |
| Cane | 4% | * | | 0.60 | 0.60 | | 29.99 | 6.00 | 6.00 |
| Walker | 4% | * | | 16.15 | 3.23 | | | | |
| Scooter | 4% | * | | 33.98 | 33.98 | 33.98 | 339.80 | 339.80 | 339.80 |
| Scooter Batteries | 4% | * | | 23.00 | 23.00 | 23.00 | 230.00 | 230.00 | 230.00 |
| Scooter Maint | 4% | * | | 15.00 | 15.00 | 15.00 | 150.00 | 150.00 | 150.00 |
| Manual WC | 4% | * | | 3.18 | 3.18 | 3.18 | 31.80 | 31.80 | 31.80 |
| Shower Chair | 4% | | | 20.08 | 20.08 | 20.08 | 20.08 | 20.08 | 20.08 |
| Hand Held Shower | 4% | | | 6.83 | 6.83 | 6.83 | 6.83 | 6.83 | 6.83 |
| Over the Toilet Commode | 4% | | | 9.64 | 9.64 | 9.64 | 9.64 | 9.64 | 9.64 |

**Appendix A:  Items of Compensation for Carmen Moreno Lozano**

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 22 2039 | Compensation Years 23-27 2040-2044 | Compensation Years 28-31 2045-2048 | Compensation Year 32 2049 | Compensation Years 33-36 2050-2053 | Compensation Years 37-Life 2054-Life |
|---|---|---|---|---|---|---|---|---|---|
| Portable Grab Bars | 4% | | | 13.99 | 13.99 | 13.99 | 13.99 | 13.99 | 13.99 |
| Bed Rail | 4% | | | 17.80 | 17.80 | 17.80 | 17.80 | 17.80 | 17.80 |
| Kitchen & Writing Aids | 4% | | | 29.44 | 29.44 | 29.44 | 29.44 | 29.44 | 29.44 |
| Grooming Items | 4% | | | 29.35 | 29.35 | 29.35 | 29.35 | 29.35 | 29.35 |
| Kotex Pads | 4% | | M | 227.82 | 227.82 | 227.82 | 227.82 | 227.82 | 227.82 |
| YMCA | 4% | | M | 564.00 | 564.00 | 564.00 | 564.00 | 540.00 | 540.00 |
| Home Health Aide | 4% | | M | 10,816.00 | 16,224.00 | 16,224.00 | 21,632.00 | 21,632.00 | 21,632.00 |
| Mileage:  PCP | 4% | | | 4.82 | 4.82 | 4.82 | 4.82 | 4.82 | 4.82 |
| Mileage:  Neurologist | 4% | | | 4.97 | 4.97 | 4.97 | 4.97 | 4.97 | 4.97 |
| Mileage:  Urologist | 4% | | | 4.21 | 4.21 | 4.21 | 4.21 | 4.21 | 4.21 |
| Mileage:  Opthalmologist | 4% | | | 4.39 | 4.39 | 4.39 | 4.39 | 4.39 | 4.39 |
| Mileage:  Future Specialist | 4% | | | 0.99 | 0.99 | 0.99 | 0.99 | 0.99 | 0.99 |
| Mileage:  PT | 4% | | | 6.91 | 6.91 | 6.91 | | | |
| Mileage:  ST | 4% | | | 3.07 | 3.07 | 3.07 | | | |
| Mileage:  Acupuncture | 4% | | | | | | | | |
| Mileage:  Massage | 4% | | | | | | | | |
| Mileage:  YMCA | 4% | | | 459.65 | 459.65 | 459.65 | 459.65 | 459.65 | 459.65 |
| Driver's Eval | 4% | | | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | |
| Lost Earnings | | | | | | | | | |
| Pain and Suffering | | | | | | | | | |
| Past Unreimbursable Expenses | | | | | | | | | |
| Annual Totals | | | | 19,639.08 | 25,034.16 | 24,994.33 | 28,486.76 | 28,363.77 | 28,263.77 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($17,131.66), lost earnings ($922,617.19), pain and suffering ($200,000.00), and past unreimbursable expenses ($59,468.01): $1,199,216.86.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.